# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| JAY T. YANCEY AND MELINDA O. YANCEY, *Plaintiffs,* | CASE NO. 6:16–cv–00028 |
| v. | MEMORANDUM OPINION |
| THE FIRST BANK AND TRUST COMPANY, *Defendant.* | JUDGE NORMAN K. MOON |

    This matter is before the Court upon Defendant's motion to dismiss. Dkt. 10. Plaintiffs Jay T. Yancey and Melinda O. Yancey ("Plaintiffs" or "Yanceys") filed this action against The First Bank and Trust Company ("Defendant" or "First Bank") for allegedly violating numerous state and federal laws.[1] Because the Yanceys' complaint is built upon conclusory allegations and does not plead sufficient facts to maintain any of the alleged claims, I will grant Defendant's motion.

## I. FACTS AS ALLEGED

    Plaintiffs allege the following facts: In August 2012, Melinda Yancey contacted Carey Wrenn ("Wrenn"), a lending officer at First Bank, seeking a loan for the construction of a home. Compl. ¶¶ 10–13. Wrenn requested that the Yanceys provide him with their tax returns. *Id.* On September 11, 2012, Mrs. Yancey met once again with Wrenn to discuss the Yanceys' credit scores and financial status. *Id.* at ¶ 19. On September 20, 2012, Wrenn completed an initial credit memo stating that he was inclined to consider a loan request of $180,000. *Id.* at ¶21; *see also* dkt. 2-1 at 24–26. On the same day, Mrs. Yancey provided Wrenn a personal financial statement. *Id.*; *see also* dkt. 2-1 at 20–23.

---

[1] I will exercise supplemental jurisdiction to discuss the state law claims. *See* 28 U.S.C. § 1367.

After this initial credit memo and personal financial statement, Wrenn failed to immediately provide the loan documentation. *Id.* at ¶ 23. The lack of promptness frustrated the Yanceys who began to constantly contact Wrenn about their loan status. *Id.* at ¶ 22–42. On December 3, 2012, Wrenn emailed the Yanceys stating that "I am leaning toward financing the project." *Id.* at ¶ 35. On December 21, 2012, Wrenn emailed again stating that: "While I know you are eager to get this done and are concerned about the weather, I have not told you to move forward with construction and I have not agreed to a funding date. I know this has drawn out longer than you expected and longer than I desired." *Id.* at ¶ 43. Plaintiffs continued to inquire with Wrenn about their loan status. Ultimately, Wrenn became frustrated by these inquiries and hostile toward the Plaintiffs. *Id.* at ¶ 46.

On January 11, 2013, First Bank and the Yanceys met to close the loan and set up a construction bank account. *Id.* at ¶ 55. On that same day, First Bank deposited the first draw of $33,000 into the construction bank account. *Id.* at ¶¶ 52, 59. On February 4, 2013, First Bank deposited the second draw of $20,000 based on the status of the home construction. *Id.* at ¶ 63.

In April 2013, First Bank increased the loan amount to $220,000 and agreed to renew the maturity date. *Id.* at ¶69. First Bank also agreed to provide an additional $7,000 loan to the Yanceys' company, New Life Construction of VA, Inc. Dkt. 2-1 at ¶¶ 73–74. In April 2014, First Bank agreed, once again, to a loan increase of an additional $33,000—the estimated cost to complete the home construction. Compl. ¶ 76.

Subsequently, the Yanceys defaulted on their loans and First Bank initiated foreclosure proceedings on the property. The foreclosure sale was set for July 24, 2015; however, the Yanceys filed for a Chapter 13 bankruptcy petition on July 20, 2015. On June 23, 2016, based on default, the United States Bankruptcy Court dismissed the Plaintiffs' bankruptcy petition.

- 2 -

Case 6:16-cv-00028-NKM-RSB   Document 21   Filed 08/02/16   Page 2 of 10   Pageid#: 470

## II.   STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.   DISUSSION

### A.   Virginia Tort Claims

#### a.   Negligence and Negligent Misrepresentation

The Yanceys allege negligence in Counts I (Negligence) and II (Negligent Misrepresentation). Under Virginia law, allegations of negligent performance of contractual duties are not actionable in tort. *Dunn Constr. Co. v. Cloney,* 278 Va. 260, 267 (Va. 2009) ("To avoid turning every breach of contract into a tort, however, we have consistently adhered to the rule that, in order to recover in tort, the duty tortuously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract.") (citation omitted). Therefore, the Plaintiffs must show that the duty breached was a common law duty arising separately from the contractual duty. *Id.; see also Richmond Metro. Auth. V.*

*McDevitt Street Bovis, Inc.,* 256 Va. 553, 559 (Va. 1998) ("A tort action cannot be based solely on a negligent breach of contract.").

Here, the Plaintiffs' negligence claims arise solely out of the loan agreements between them and First Bank, and their complaint lacks any factual support for the existence of a common law duty.

Accordingly, the Plaintiffs' negligence claims must be dismissed. *See e.g., Foreign Mission Board v. Wade,* 242 Va. 234, 241 (Va. 1998) (dismissing the complaint due to the alleged duty arising solely from a contractual relationship).

      b.   <u>Intentional Infliction of Emotional Distress</u>

In Count VI, Plaintiffs allege that First Bank is liable for intentional infliction of emotional distress because the bank "engaged in intentional or reckless and inflammatory conduct that was outrageous and intolerable in nature and [] virtually impossible to measure." Compl. p. 38.[2]

"[E]motional distress resulting from a non-tactile tort may be compensated if the plaintiff alleges . . . that: [1] the wrongdoer's conduct is intentional or reckless; [2] the conduct is outrageous and intolerable; [3] the alleged wrongful conduct and emotional distress are causally connected; and [4] the distress is severe." *Russo v. White*, 241 Va. 23, 26 (Va. 1991) (citing *Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974)); *see also Marcantonio v. Dudzinski*, __ F. Supp. 3d __, 3:15-cv-00029, 2015 WL 9239009, at *10 (W.D. Va. Dec. 17, 2015). IIED claims are not favored under Virginia law "because there are inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." *Supervalu, Inc. v. Johnson*, 276 Va. 356, 369 (Va. 2008).

---

[2] Plaintiffs' complaint does not use paragraphs for their claims sections; therefore, I refer to the page numbers when citing to these sections.

Here, the Plaintiffs have failed to allege facts to find any of the *Womack* factors. Specifically, the Plaintiffs have failed to provide even a modicum of factual support to suggest that First Bank's actions were outrageous and intolerable. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo*, 241 Va. at 27 (quotation marks omitted). The conduct the Yanceys allege does not reach the level of severity needed to satisfy this standard. *See, e.g., Williams v. Agency, Inc.*, 997 F. Supp. 2d 409, 414 (E.D. Va. 2014) (defendant's videotaping of wife and a third-person engaging in intimate conduct and subsequent distribution of the video and a field report describing the video to wife's husband was outrageous); *Fuller v. Aliff*, 990 F. Supp. 2d 576, 580–81 (E.D. Va. 2013) (plaintiff sufficiently pled outrageous conduct where he claimed defendants punched him, kicked him, pinned him to the ground, struck him with a stone, held his head under water, choked him, and insulted him after they learned he was gay).

Accordingly, the Yanceys' intentional infliction of emotional distress claim must be dismissed. *See Russo,* 241 Va. at 26.

    c. <u>Breach of Fiduciary Duty</u>

In Count III, Plaintiffs allege that First Bank breached its fiduciary duty. Compl. p. 34. A fiduciary relationship exists when special confidence has been reposed in one person by another. *H-B Ltd. Partnership v. Wimmer*, 220 Va. 176, 179 (Va. 1979). Virginia follows the majority rule that: "the existence of the debtor-creditor relationship does not create a privilege or right of a fiduciary character." *Wachovia Bank v. Preston Lake Homes, LLC,* 750 F. Supp. 2d 682, 690 (W.D. Va. 2010) (*quoting Lindsay v. McEnearney Assocs., Inc.,* 260 Va. 48, 52 (Va.

- 5 -

2000)). Virginia, however, does recognize a rare exception where the creditor exercises "substantial control over the debtor's business affairs." *Id.*

In this case, the exception is inapplicable. Plaintiffs fail to show that First Bank exercised "substantial control over [their] business affairs." *Id.* Crucially, Plaintiffs' complaint clearly alleges they had the ability to conduct the construction affairs as they wished. *See, e.g.*, Compl. ¶¶ 64–65 (discussing how Plaintiffs wrote the checks from the construction account).

The Yanceys also argue that First Bank "held a special duty to [them] to either deny their loan requests" or "meet [their] loan requests." Compl. p. 34. This is incorrect. First Bank was never obligated to lend them money, before the contract was signed, or lend them more money after the contract was signed. *See e.g., Scott v. Branch Banking and Trust Co.,* 588 F.Supp. 2d 667, 677 (W.D. Va. 2008) (rejecting claim of breach of fiduciary duty against a bank, noting that such a duty "must arise independent from the cause of action for breach of contract").

Accordingly, Plaintiffs' claim for breach of fiduciary duty must be dismissed. *Wachovia Bank,* 750 F. Supp. 2d at 690.

    d. <u>Actual Fraud</u>

In Count IV, Plaintiffs allege that First Bank committed "intentional fraud." Compl. p. 35. In Virginia, a plaintiff must set out the following elements in order to state a claim for actual fraud: "(1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled." *Smith v. James C. Hormel Sch. of Va. Inst. of Autism*, No. 3:08-CV-00030, 2009 WL 4799738, at *31 (W.D. Va. Dec. 8, 2009) (*citing Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148 (Va. 1994)). "The burden is on the party charging fraud to prove it by clear and convincing evidence." *Id.* Additionally, the "fraud must relate to a present or pre-existing fact,

- 6 -

Case 6:16-cv-00028-NKM-RSB   Document 21   Filed 08/02/16   Page 6 of 10   Pageid#: 474

and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Patrick v. Summers*, 235 Va. 452, 454 (Va. 1988).

In this case, Plaintiffs fraud claim is based upon First Bank's failure to timely review, accept, and finalize their loan application. *See* Compl. pp. 35–36. Plaintiffs also allege that First Bank withheld their loan approval and documentation. As an initial matter, Plaintiffs' complaint fails to allege a "false representation of material fact" that was "present or pre-existing."[3] *Smith*, 2009 WL 4799738, at *31. Furthermore, "a party's silence or the withholding of information does not constitute fraud in the absence of a duty to disclose." *Rambus, Inc. v. Infineon Techs. AG,* 318 F.3d 1081, 1084–85 (Fed. Cir. 2003).

Accordingly, Plaintiffs' actual fraud claim must be dismissed. *See Rambus, Inc.,* 318 F.3d at 1084–85.

B. <u>Statutory Claims</u>

    a. <u>Federal Truth in Lending Laws and Regulation Z</u>

In Count VII, Plaintiffs allege that First Bank violated Federal Truth in Lending ("TIL") laws or Regulation Z. Compl. p. 39–40. However, the Plaintiffs fail to specify the specific TIL section or subsection. Instead, Plaintiffs allege that First Bank "violated TILA in numerous respects throughout the banking relationship in connection with the various loan transactions with the Yanceys." *Id.* In their response brief, Plaintiffs continued these threadbare assertions stating "First Bank [has] broken all lending law[s] and regulations with us in [this] relation[ship][.] [T]hey did so by fraudulent conduct as well."

This is insufficient pleading as a matter of law. First, the reference to TIL without a specific section is insufficient to state a plausible claim. *Am. Legion John Ratliff Post 164 v. BB*

---

[3] This failure is also fatal to Plaintiffs' alleged "constructive fraud claim"—in truth, a single mention of the term—which allows fraud to be plead without specific intent to defraud. *See, e.g., Blair Const., Inc., v. Weatherford*, 253 Va. 343, 346 (Va. 1997) (discussing the elements of constructive fraud).

- 7 -

*& T Corp.*, No. 1:13CV00041, 2013 WL 2945025, at *3 (W.D. Va. June 14, 2013). Second, the threadbare assertions and conculsory allegations fails the requirements of *Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, Plaintiffs' TIL and Regulation Z claim must be dismissed.

      b. Equal Credit Opportunity Act

In Count VII, Plaintiffs allege First Bank violated the Equal Credit Opportunity Act ("ECOA") and Regulation B. Compl. p. 39–40. As was fatal to their TIL and Regulation Z claim, Plaintiffs once again fail to identify the source of their claim. *Post 164*, 2013 WL 2945025, at *3. Additionally, Plaintiffs have failed to allege any facts that First Bank discriminated against them due to any protected status. *See* 12 C.F.R. § 202.1 (2015).

Accordingly, Plaintiffs' ECOA and Regulation B claim must be dismissed.

C. Breach of Contract[4]

In Count V, Plaintiffs allege First Bank breached four distinct contracts. Compl. pp. 35–36. First, Plaintiffs allege First Bank breached an oral contract to provide them $50,000 in December 2012. *Id.* Second, Plaintiffs allege a written contract to provide them with $24,000 was breached on January 11, 2013. *Id.* Third, Plaintiffs allege the written loan contract underlying the construction loan was breached between January 11, 2013, and July 1, 2013, "by First Bank's continued refusal to advance funds, improper demands, failure of adequate notice, [and] failure to provide new financing." *Id.* Fourth, Plaintiffs claim an oral contract to provide a $285,000 was breached in December 2014.

---

[4] In their complaint, Plaintiffs suggest a separate claim for breach of the implied duty of good faith and fair dealings. However, "the covenant of good faith and fair dealing does not offer an independent cause of action for breach of a contract involving an interest in real property." *Morrison v. Wells Fargo Bank, N.A.,* 30 F. Supp. 3d 449, 455 (E.D. Va. 2014).

- 8 -

In Virginia, a plaintiff must set out the following elements to properly allege a breach of contract: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (Va. 2009). "Where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Ross v. Craw*, 231 Va. 206, 212 (Va. 1986) (quoting *Globe Company v. Bank of Boston,* 205 Va. 841, 848 (Va. 1965)).

In this case, each of the alleged breaches of contract fail as a matter of law. The first and fourth contracts—the oral contracts—fail the Virginia Statute of Frauds which requires that "no action shall be brought . . . upon any agreement to lend money or extend credit in an aggregate amount of $25,000 or more." Va. Code §11-2(9). The second alleged breach—the $24,000 on January 11—also fails as the Plaintiffs' complaint admits that $33,000 was disbursed on January 11, 2013. Compl. ¶58. Therefore, the contractual obligation of $24,000—as alleged—was fully satisfied.

Lastly, the third alleged contractual breach also fails. Plaintiffs argue that First Bank "did not make the Plaintiffs knowledgeable of any loan advance procedure prior to or after January 11, 2013." Compl. p. 35. However, Plaintiffs' compliant admits they were aware of the loan advance procedure. Compl. ¶¶ 51–52. Furthermore, the first page of the Security Agreement between the Yanceys and First Bank stated that "future principal advances are contemplated," and that the "conditions for future advance are PER BORROWER REQUEST AND LENDER

- 9 -

APPROVAL." Dkt. 11-1.[5] The Construction Loan Agreement also states that advancements would be disbursed upon request and approval as the project progressed. *Id.*

Accordingly, Plaintiffs' claims for breach of contract must be dismissed. *See* Va. Code §11-2(9); *Sunrise Continuing Care,* 277 Va. at 154.

## IV.  CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss will be granted, as the Plaintiffs have failed to state any claim upon which relief can be granted.

An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiffs and all counsel of record.

Entered this ___2nd___ day of August, 2016.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs did not attach these contractual documents to their complaint. However, the Court may consider these documents in assessing this motion because the Plaintiffs' complaint relies upon the terms of the agreement, making it an integral part of the complaint. *See Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 757 (W.D. Va. 2007).

- 10 -

Case 6:16-cv-00028-NKM-RSB   Document 21   Filed 08/02/16   Page 10 of 10   Pageid#: 478